CLARENCE Y. SHIMAMURA *v.* BYRON O. EASLEY (ALSO DOING BUSINESS AS BYRON'S USED CAR LOT) AND LILY EASLEY, BANK OF HAWAII AND BISHOP NATIONAL BANK OF HAWAII AT HONOLULU, GARNISHEES.

No. 2311

ARGUED NOVEMBER 13, 1945.          DECIDED NOVEMBER 14, 1945.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY KEMP, C. J.

This is an appeal on points of law in an action in summary possession and assumpsit from the district magistrate of Honolulu.

The defendant filed a plea to the jurisdiction on the ground that "the title to real estate is in question in said action."

The plea is supported by the affidavit of one of the defendants as follows:

"Comes now BYRON O. EASLEY and being first duly sworn, on oath deposes and says: That he is one of the

defendants above named; that the defendants have a leasehold interest in the property described in the complaint filed in said action, a written lease having been executed and delivered to them by said plaintiff on the 18th day of September, 1944 for a term of three years ending the 17th day of September, 1947, which said lease is in full force and affect; that prior to the filing of this suit and prior to the date on which plaintiff alleges rent became due, plaintiff parted with the right to the possession of said premises to Sarah Kumabe and Pauline Kumabe."

The magistrate sustained the plea, and the plaintiff gave notice of appeal to this court on points of law. The magistrate's certificate states *inter alia* that "in the above entitled cause, being an action in summary possession of land and assumpsit, I sustained Defendants' plea to the jurisdiction of the court and dismissed the cause; and that Plaintiff appealed from said judgment on the following points of law: (1) That the district magistrate erred in sustaining Defendants' plea to the jurisdiction of the Court; * * * when the Affidavit in support thereof was insufficient under Rule 14 of the Supreme Court in that it did not set forth the source, nature and extent of the title claimed by the Defendants to the land in question; * * * in that the Affidavit affirmatively showed that Defendants' claim under a lease from Plaintiff and not under a title adverse to Plaintiff; * * * in that no question of Defendants' title to real estate is disclosed by the Affidavit."

Rule 14 of the rules of this court provides:

"Whenever, in the district court, in defense of an action of trespass, or a suit for the summary possession of land, or any other action, the defendant shall plead to the jurisdiction in effect that the suit is a real action, or one in which the title to real estate is involved, such plea shall not be received by the court, unless accompanied by an affidavit of the defendant, setting forth the source, nature

and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim."

From the foregoing it is apparent that the sole question presented by the appeal is whether or not the affidavit of defendant in support of the plea to the jurisdiction is sufficient to oust the court of jurisdiction.

The essence of the affidavit is that the defendants have a leasehood interest in the property, a written lease having been executed and delivered to them by said plaintiff for a term of three years, which said lease is in full force and effect; and that prior to the filing of this suit plaintiff parted with the right to the possession of said premises to Sarah Kumabe and Pauline Kumabe.

The affidavit clearly establishes the relationship of landlord and tenants between the plaintiff as the landlord and the defendants as the tenants. Unless, therefore, the allegation in the affidavit that the plaintiff had parted with the right to the possession of the premises to others was sufficient to oust the court of jurisdiction, the magistrate erred in sustaining the plea. (R. L. H. 1945, ch. 216.)

We think the affidavit utterly failed to comply with rule 14 in that it (a) establishes that the defendants are lessees of the plaintiff and that they do not claim title to the land adversely to the plaintiff; and (b) fails to set forth the source, nature and extent of any "title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim." In fact, the affidavit utterly fails to set forth that the defendants claim any title to the land in question. The most that can be said for the affidavit is that it sets forth a claim that they are, by virtue of a lease, entitled to possession of the land. There is no allegation that plaintiff has parted with "title" to the land which he admittedly owned when he executed the lease

referred to, and the question of the right to "possession" is clearly within the jurisdiction of the court.

The order sustaining the plea to the jurisdiction is reversed and the cause remanded for further proceedings consistent herewith.

*O. P. Soares* (*M. D. White* with him on brief) for defendant-appellee.

*C. Y. Shimamura* for plaintiff-appellant (filed briefs but did not argue).

